## WILLIAM C. FORBES *v.* GEORGE A. HOWARD.

The opinions of the members of a committee, who, after consultation with stage carpenters and artists, had fitted up a theatre in New Bedford, not admissible as proof of the cost of the fitting up of a theatre in Providence; such persons not being experts, and the cost of the fitting up of a theatre in New Bedford, not proving the cost of the fitting up of a theatre in Providence.

Forbes *v.* Howard.

Fixtures for a theatre includes box seats for the audience, with proper upholstery for the same; and the cost to which the plaintiff, the lessee and manager of a theatre, was necessarily put in furnishing chairs for the boxes, in consequence of the non-performance, by the defendant, of his contract to provide proper box seats, may be given in evidence to the jury, to enable them to estimate the damage sustained by the plaintiff from this breach of contract.

Where a contract to furnish accommodations for a theatre, on a five years' lease, in a building about to be erected, refers for the finish of the building to the specifications in a building contract, in which no provision is made for painting the theatre walls, such painting cannot be claimed to be within the first contract, although the same provides for the furnishing "of scenery and fixtures for the theatre;" the painting of the walls of the theatre not falling within the denomination either of "scenery" or "fixtures."

The admission of irrelevant and immaterial testimony which it appears could not have affected the verdict is no ground for new trial.

If jurymen agree to mark, each, the amount of the plaintiff's damages, and that the quotient of the aggregate thus marked, such aggregate being divided by twelve, shall be their verdict, the verdict will be set aside as made in a mode which precludes it from representing the *judgment* of the jury; but if after obtaining such an average of their opinions, without prior agreement to abide by the result, they, upon deliberation, adopt that result as a proper amount of damages to be returned by them for the plaintiff, the court will not, for this cause, disturb the verdict.

Where an item to a definite amount has been improperly allowed to be proved to the jury to guide their judgment in the estimate of damages, and in other respects the verdict is unexceptionable, the court will refuse a new trial, on condition that the plaintiff will enter a *remittitur* of record to the amount of the objectionable item.

Assumpsit for breach of a special contract entered into between the plaintiff, the manager of a theatre, and the late Gamaliel Lyman Dwight, Esq., for the furnishing to the plaintiff, on a lease of five years, of a certain portion of a building, thereafter to be erected in Westminster-street, Providence, for use as a theatre, "with scenery and fixtures" for the same; which contract, upon the purchase of the premises by the plaintiff of Dwight, was assumed by the former, as a part of his contract of purchase.

The declaration, which contained several counts, in substance, stated the breaches of the contract to be, that the portion of the building contracted to be furnished to the plaintiff ready for use as aforesaid, was not furnished so that it could be occupied for such use at the time specified in the contract, and then, was unprovided with proper scenery, and seats for the audience. The case, which came up by appeal from the court of common pleas for the county of Providence, was tried in this court, under the general issue, at the March term, 1856, before Mr. Justice Brayton, sitting with a jury; and a verdict having been obtained

by the plaintiff for $2,392 damages, now came before the court upon a motion for a new trial, filed by the defendant, and grounded upon alleged errors in the rulings and charge of the judge trying the cause, and misconduct of the jury in their mode of assessing the damages.

The grounds of the motion are fully stated in the opinion of the court.

*Tillinghast & Bradley* for the motion.

*T. A. Jenckes* against it.

BOSWORTH, J.   In this case, a verdict was rendered for the plaintiff, at the last term of this court.   The defendant now moves for a new trial, on the ground of alleged errors in the rulings and charge of the judge, at the trial; and also on an alleged ground of misconduct of the jury, in the making up of their verdict.

The first objection to the ruling of the judge, in substance is, a refusal to allow two witnesses to testify, as to what constituted scenery and fixtures procured for a theatre in New Bedford, or to the fact of what the scenery and fixtures in the theatre in New Bedford cost; the said witnesses stating that the theatre was about the size of the theatre in Providence; and that the scenery and fixtures were sufficient for a stock company for that theatre.

The issue before the jury involved the question of damages for not furnishing a building, constructed for a theatre, in Providence, with scenery and fixtures, according to contract.   We do not see how testimony of the aggregate cost of scenery and fixtures for a theatre in another city would be proper evidence in such a case.   The cost of such articles might vary in the two places, and the nature of the articles required might be different; and the testimony as to what would be proper for one building, used for the purpose of a theatre in one place, was not evidence as to the value of scenery and fixtures necessarily required in another building, in another place.   This evidence, we think, therefore, was rightly ruled out.

The second objection was, to the refusal of the judge, to admit the testimony of two witnesses, as to their *opinion* of the cost of scenery and fixtures of a theatre, of about the size of the theatre

Forbes *v.* Howard.

in New Bedford, that theatre being proved to be about the size of the one in question; they having been engaged as a committee in fitting up the theatre in New Bedford, and having consulted competent stage carpenters and artists in reference to the same. This testimony, we think, was properly ruled out. The opinions of witnesses are not legal testimony, unless from the nature of the subject of inquiry, and the character of the witnesses, it may become legal and proper to admit the evidence as the testimony of experts. The testimony excluded was not the testimony of experts, and being merely matter of opinion, should not have been admitted at all; and if it had been admissible as the testimony of experts, it would have been irrelevant, being the opinion of witnesses as to the cost of the scenery and fixtures of the theatre in New Bedford, and not as to cost of proper articles for the theatre in Providence.

The third exception is to the ruling of the court in allowing evidence to pass to the jury, as to cost of painting the walls of the theatre, and as to the cost of chairs in the boxes, and upholstery upon the seats. We think the defendant was bound by the contract to furnish all proper fixtures for the fitting up of the building for the use to which it was to be applied; and though chairs in the boxes might not properly come under the head of fixtures, yet if the defendant neglected to furnish seats, which would be necessary fixtures, the cost of chairs which the plaintiff was obliged to furnish, to supply the place of fixtures, might be proper, to enable the jury to estimate the damages which the plaintiff suffered in consequence of the defendant's non-performance of his contract to furnish necessary fixtures. Upholstery upon the seats was undoubtedly considered as within the terms of the contract by the jury, and we think rightly.

As to the cost of painting the walls, we think, strictly, according to the terms of the contract, the defendant was not bound to paint the walls, and therefore that this evidence was improperly admitted. The building was to be erected and completed according to specifications referred to, and in those specifications, no provision was made for painting the walls. In addition to the completion of the building according to the specifications, the defendant was to furnish scenery and fixtures for the theatre;

but we do not think paint on the walls, could properly come under the denomination of scenery or fixtures.

The fourth exception is, " that the court charged the jury, that fixtures included all the fittings up necessary for a theatre, to make it suitable for a theatre." In this, we see no error. The statement of the exception is exceedingly loose and careless. It seems to be a detached portion of the charge of the judge, which, taken in connection with what preceded it, in his remarks to the jury, was undoubtedly a proper direction to be given. After stating to the jury what was to be comprehended under the term fixtures, as used in the contract, the language used by the judge was proper to show the extent " of the obligation" of the defendant, viz : to furnish all such articles as were necessary, in fitting up the building, to make it suitable for a theatre.

The fifth exception was not allowed by the judge. In the sixth exception we see no error, as nothing has been adduced to show, that there was any contract in evidence before the jury, to supersede the testimony of the witnesses therein referred to. The seventh and eighth exceptions relate to the admission of testimony claimed to be irrelevant and immaterial. We do not see how this testimony could have affected the verdict, or that it is any ground for a new trial.

The ninth reason assigned in the petition for a new trial, is, alleged misconduct of the jury in making up the verdict in the cause. It is alleged, " that the jury agreed to ascertain their verdict, by marking the several sums which each would allow, and dividing the whole amount by the number of jurors, and take the quotient as the amount of damages to be given by their verdict; and that they did so ascertain, and render their verdict for such amount accordingly."

It is well settled, that a verdict, determined in any manner by chance or lot, cannot be sustained, and in *Harvey* v. *Rickett*, 15 Johns. Rep. 87, a verdict rendered in precisely the same manner, as this is alleged to have been, was set aside. If it was in evidence in this case, that the jury agreed that each should mark the sum which he thought the plaintiff ought to recover, that the aggregate of these amounts should be divided by

twelve, and that the quotient should, without alteration, stand for their verdict, and that their verdict was so ascertained and rendered, we should think, the verdict ought to be set aside. To admit the validity of such a practice, would be dangerous to the administration of justice. It would make the verdict of a jury depend upon chance; or, what would be as dangerous, or more so, it might enable one of the jurors, by marking unreasonably high, to produce a result contrary to the opinion of all the other jurors.

It is, however, obviously true, that the opinions of twelve men will, almost always, differ, on any doubtful question. They must necessarily in some mode express these different opinions; and by deliberation, by comparing and averaging their different estimates or judgments, and discussing the matter with due regard to, and respect for, each other's judgments, they may, in the end, come to a conclusion equally satisfactory to all. We do not see why the mode of expressing their opinions, by marking separately the amount which each should think the party ought to recover, is not a proper mode of expressing the individual opinion of each; and if the average of these amounts is obtained, and the jury, upon deliberation, deem *that* a proper amount of damages to render as their verdict, we do not see why a verdict so rendered should not be held valid. A verdict, so ascertained and rendered, was held to be valid in *Dorr* v. *Fenno*, 12 Pick. Rep. 521, and in *Dana* v. *Tucker*, 4 Johns. Rep. 487.

The evidence in this case, on which the allegation of misbehavior of the jury is founded, does not support the statement in the petition for new trial. It appears by the affidavit put into the case, that the jury being asked by the court, at the time of the rendering of the verdict, if they had ascertained the several claims of the declaration separately, "the foreman answered they had at first partially, but had afterwards considered them all together; and had finally made up their verdict by lumping all together and taking the average, or dividing, or something to that effect,—the precise language of the juror the affiant does not recollect."

Now, taking this statement of the juror for all that the lan-

guage imports, we think it impossible to found upon it the charge of misbehavior in making up their verdict, which is imputed to the jury. The fair import of the jurors' answer is simply, that they, at first, gave a partial consideration to the separate items of damage claimed, but finally considered the items all together; and by averaging their different opinions, came to a result, which all assented to, as the proper amount of their verdict. The paper which the affiant testified to, as having been found in the jury room, if it be proper to receive it as evidence, only indicates that the jury did average their different judgments; but goes not at all, to show that they agreed beforehand to make *that* their verdict, or that they did not deliberate and assent to the amount, after it was thus produced. We are to presume that the jury acted properly, until misbehavior is proved; and we think the evidence fails to establish misconduct which ought to render the verdict invalid.

Upon a full consideration of all the reasons assigned in this petition for a new trial, we find no sufficient ground, except in the admission of the testimony relating to the cost of painting the walls. That testimony, in the view we have taken of the case, should not have been admitted. The evidence on that subject was definite, and fixed the actual cost of this item at $75. We, therefore, for this cause, award a new trial, unless the plaintiff will enter of record a *remittitur* for that amount, in which case, the verdict, with that amount deducted, must stand as the amount for which judgment shall be rendered.